EWART MANUF'G CO. *v.* BRIDGEPORT MALLEABLE IRON CO.

*(Circuit Court, D. Connecticut.* May 20, 1887.)

1. PATENTS FOR INVENTIONS—IMPROVED DRIVE-CHAIN.
     Letters patent No. 154,594 were issued September 1, 1874, to one Ewart, for an improved drive-chain. Reissued letters were granted April 20, 1875, June 15, 1880, and February 15, 1884. The claim of the original patent was for driving-chain links, notched or reduced at a particular place, and constructed with coupling hooks; the object of the invention being the construction of a chain capable of easy detachment, but not liable to casual separation. The specification of the third reissue differed from the original only in clearness of description; the first claim of said reissue being for "the combination, in a drive-chain, of the coupling hooks, *c*, and side-bars sufficiently small, close to the end-bars, to pass through the opening of the hook, *c*, as shown and de-

scribed." In the drawings of the original and the reissued patents the hook was upon one end of the link, and an integral part thereof. On August 18, 1885, letters patent No. 324,734 were granted to one Seldner, under which detachable drive-chains were made with a hook similar in shape to Ewart's; the links, however, not being integral with the same. *Held,* that there was nothing in the Ewart method which required the links to be integral with the hooks, no difference of function being involved; and the Seldner patent, therefore, infringed said last reissue.

**2. SAME—CONSTRUCTION OF CLAIM.**

The second claim of said last reissue, viz.: "The combination, in the open link, of a drive-chain of the end-bar, *b,* provided with a coupling hook, and an opposite end of the link adapted to be coupled to the hook of a correspondingly constructed link, to form a chain, substantially as set forth,"—was broader than the original; the means of a notched or reduced portion of the side-bars being omitted, and the precise character of the coupling not being described. *Held,* that it would therefore be construed as limited to links coupled by the means described in the first claim above mentioned.

*Benj. F. Thurston* and *Charles K. Offield,* for plaintiff.
*Wm. Pinkney Whyte,* for defendant.

SHIPMAN, J. This is a bill in equity to restrain the defendant from the alleged infringement of reissued letters patent No. 10,444, issued February 5, 1884, to William Dana Ewart, assignee to the plaintiff, for an improved drive-chain. The original patent, No. 154,594, was issued September 1, 1874. The first issue was applied for December 15, 1874, and was issued April 20, 1875. The second reissue was issued June 15, 1880.

The specification of the third reissue, which differs from the original specification only for the purpose of clearness of description, describes the invention as follows:

"My invention consists in a drive-chain which is made up of detachable links, for the purpose of readily substituting new links for broken ones; or changing the length of the chain, while, at the same time, the links are not liable to casual detachment, as hereinafter more fully described. The following is a description of my invention: The links, A, are preferably of a rectangular form, longer than they are broad, their side-bars, *a, a,* being round, or nearly so, and their end-bars, *b, b,* being constructed as shown in the annexed drawings. The end-bar, *b,* is made with a broad hook, *c,* which is about three-quarters of a circle, and which is adapted to the reception and working within it of the end-bar, *b.* For the purpose of connecting the links, to make a chain of them, and disconnecting them readily, one of the side-bars of each link is made sufficiently small near the end-bar, *b,* to pass through the opening of the hook, *c.*"

The two claims of the present reissue are as follows:

"The combination, in a drive-chain, of the coupling hooks, *c,* and side bars sufficiently small, close to the end-bars, to pass through the opening of the hook, *c,* as shown and described. (2) The combination, in the open link of a drive-chain, of the end-bar, *b,* provided with a coupling hook, and an opposite end of the link adapted to be coupled to the hook of a correspondingly constructed link, to form a chain, substantially as set forth."

The single claim of the original patent is as follows:

"Driving-chain links, notched or reduced at *e,* and constructed with coupling hooks, *c,* substantially as described."

The first claim of the first reissue, which was applied for three and one-half months after the original patent was granted, is the same as the first claim of the present reissue. The second claim is as follows:

"(2) The combination, in the open link of a drive-chain, of the end-bar, *b*, provided with a coupling hook, and the end-bar, *b*, adapted to be coupled to the hook of a corresponding link, to form a chain, substantially as shown."

The invention, as shown in the original patent, was the combination, in a drive-chain in which the links are connected by hinge-like joints, of coupler hooks having throats too small to permit the passage of the end bar of the link through said opening, with side-bars sufficiently small, at the part close to the end-bars, to pass through said coupler hook throats, whereby the coupled parts of the chain, while capable of easy detachment when turned into an unusual relative position, are not liable to casual separation. The evidence in regard to the state of the art at the date of Ewart's invention is to the effect that the patentee was the first inventor of a chain having links and hooks constructed substantially as shown in the patent, so that any of the links may be coupled and uncoupled only when the parts to be thus affected are turned into an angle, but are not liable to casual detachment when the chain is in a working condition. In the drawings of the original and of all the reissued patents the hook is upon one end of the link, and is an integral portion thereof.

The defendant makes drive-chains, under letters patent No. 324,734, issued August 18, 1885, to Joseph J. Seldner. The difference between the two devices is that the couplings of the Seldner chain are detached from the links, and are divided by a central partition into two separate slots, the partition being of the same height as the coupling, and provided with flanges upon its opposite edges. The reduced side-bars slide endwise into the sockets of the couplers, which are received between the side-bars, and are uncoupled, in the same way as in the Ewart patent. The links of the Ewart chain are all integral with its hooks. The links of the Seldner patent are not integral with its double hooks. The shape of the hooks is the same.

The questions in the case are whether the original patent is limited to links having hooks as an integral part thereof, and whether the third reissue is an improper enlargement of the original patent. The defendant introduced in evidence a certified copy of a claim erased from the original Ewart application, which claim is as follows: "Hooks, *c*, combined with notches, *e*, and driving-chain links, substantially as and for the purpose described." The file wrapper and its contents were not introduced in evidence. The inference which the defendant desires to draw from the fact that the chain was erased, is that the patentee endeavored to obtain a claim for detached or separate hooks, but was compelled to abandon it, and be content with a more limited statement of his invention, and that therefore he cannot now be permitted to claim that detached hooks are properly included in the reissue. The plaintiff's expert testified orally, without objection, that he was familiar with the history of the original patent, and that the patent-office requested a selection to be

made from the two claims of the application, because they stated precisely the same invention, and were objectionable upon that ground only and not because they stated different inventions.    In the absence of any other evidence upon this point, I shall consider that an enlarged claim was not intended to be made and was not abandoned.

The first claim of the present reissue describes the same invention which was described in the sole claim of the original patent, and nothing more.    Neither the principle of the invention, nor the description of it, nor the claim in the original patent limited it to hooks integral with the links.    That was the Ewart method of construction, but nothing in the patent makes the invention, as claimed and described, to depend upon that construction.    The difference between the two methods of construction is formal, not involving a difference in function.    *Reed* v. *Chase*, 25 Fed. Rep. 94.    The part of the invention which is vital is the means by which detachable links can be coupled so as not to be liable to casual detachment, and which consist in the described construction of hooks and bars, or such a construction as is equivalent thereto.

The second claim of the present reissue was intended to be a broader claim than the first, and omits mention of the manner in which the end bar of the link is coupled with the hook, viz., by means of the notched or reduced portion of the side-bars, and the precise character of the coupling hooks is not described.    It could therefore cover, unless a limited construction should be given to it, a drive-chain in which two links were uncoupled by being turned into an unusual relative position, although the side-bar did not contain the notched or reduced portion, *e*. It closely resembles the second claim of the first reissue, which was promptly applied for.

In the absence of any more knowledge than is furnished in the record of this case, in regard to the reasons which induced the patentee to ask for the second claim of the first reissue, I do not think it wise to treat this claim as void, and to require a disclaimer.    The question which is of practical importance in this case is whether the original patent was limited to hooks integral with the links, for, if it was not, it will hardly be contended that the first claim of the present reissue is not infringed. I shall therefore construe the second claim as limited to links which are coupled with the hooks, *c*, by the means shown and described in the first claim, or by means equivalent thereto.

Let there be a decree for an injunction against the infringement of the claims, as thus construed, and for an accounting.